960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
United States of America, Appellee,
v.
Everett Reynold Goodface, Jr. Appellant.
 No. 91-3762.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 20, 1992.
Filed: April 24, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Everett Reynold Goodface, Jr., appeals the judgment of conviction and sentence entered by the district court.[1] For reversal, Goodface argues the district court should have given him credit on his six-month sentence for time spent in two halfway houses prior to sentencing and that his sentence is unreasonable.
 
 
 2
 The Supreme Court recently held that, under 18 U.S.C. § 3585(b), the Attorney General, through the Bureau of Prisons, computes presentence credit after the defendant has begun to serve his sentence. United States v. Wilson, No. 90-1745, 1992 WL 52830, at * 4 (U.S. Mar. 24, 1992). Because a district court cannot grant any credit for time served before sentencing, Goodface's first argument fails.
 
 
 3
 Goodface also argues that sentencing him to the maximum term was plainly unreasonable. See 18 U.S.C. § 3742(a)(4). Assault by striking, beating, and wounding carries a sentence of a fine of not more than $500 or imprisonment for not more than six months, or both, and is considered a Class B misdemeanor not covered by the Sentencing Guidelines. See 18 U.S.C. §§ 113(d), 3559(a)(7); U.S.S.G. § 1B1.9.
 
 
 4
 Goodface was advised of the maximum penalty in the written plea agreement and that the court could impose such a sentence. Furthermore, the court at the sentencing hearing clearly stated its reasons for imposing the maximum term under the statute. Therefore, the district court's imposition of the maximum sentence was not plainly unreasonable.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Donald J. Porter, Senior United States District Judge for the District of South Dakota